IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| GOPLUS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   CV420-034 |
| CROWN EQUIPMENT CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

The parties in this case jointly moved to administratively close this case to facilitate their ongoing attempts to reach a negotiated resolution. *See generally* doc. 70.  For good cause shown, that Motion is **GRANTED**. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case without prejudice to the right of any party with standing to reopen it. *See, e.g., In re Heritage Southwest Medical Group PA*, 464 F. App'x 285, 287 (5th Cir. 2012) ("administrative closure does not have any effect on the rights of the parties and is simply a docket-management device.").

The parties' Motion indicates that their attempts to resolve this case will likely be concluded by "the end of February 2023."  *See* doc. 70

at 1.  The Court, therefore, **DIRECTS** the parties to confer and file a Status Report no later than March 17, 2023.  If the parties have not resolved the case, that Status Report should include a proposed Amended Scheduling Order.  The Status Report should also include no fewer than three proposed dates[1] and times on which counsel are available, between March 17, 2023 and March 31, 2023, for a Status Conference before the undersigned.  Unless it has been dismissed, the Clerk is **DIRECTED** to **REOPEN** this case on April 3, 2023.

    **SO ORDERED**, this 27th day of May, 2022.

*/s/ Christopher L. Ray*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] To be clear, the Court expects counsel to provide three different days on which they are available for a conference.  Proposing three different times on a single day, for example, is not sufficient.